UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 04-cr-10133-RCL |
| | ) | |
| DERONE BREWINGTON | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER THE RULING ON THE MOTION TO SUPPRESS**

Defendant Derone Brewington has moved that this Honorable Court reconsider its ruling denying the Defendant's Motion to Suppress ("Defendant's Motion to Reconsider"). Defendant's Motion to Reconsider is devoid of any new facts or arguments not already addressed in the three previous sets of briefs filed by the parties. His arguments were explicitly rejected in Judge Bowler's 72-page Report and Recommendation, which was adopted by this Court. Consequently, Defendant's Motion to Reconsider should be denied.

**I.    Hot Pursuit:**

By arbitrarily dividing hot pursuit cases into two categories of the Defendant's own devising, Defendant attempts to insert additional factors into the hot pursuit doctrine – either that the officers actually witness the defendant's flight into the private space (to fit into one alleged line of cases) or that the target is an unidentified, violent criminal (to fit into the other line of cases). Dividing the cases into two categories is an interesting rhetorical device, but it says nothing about the actual holdings in these cases. Simply put, not a single case holds that officers must personally witness a person flee into a private space, not know the person's identity, or be investigating a particularly violent crime in order to justify their hot pursuit into a private space. Instead, as this Court has found, the hot pursuit doctrine focuses on the nature of the pursuit and

its duration, not the added factors Defendant attempts to import into the doctrine.[1]

Defendant cites two cases in which courts found that the hot pursuit doctrine did not apply. Neither of these cases is relevant. See, e.g., O'Brien v. City of Grand Rapids, 23 F.3d 990, 997 (6th Cir. 1990) (no hot pursuit after a *six-hour* stand-off); United States v. Morgan, 743 F.2d 1158 (6th Cir. 1984) (no hot pursuit after officers left the scene, went to a coffee shop, and discussed the logistics of entering the house). By contrast, as the Court found, this case involved a short period of time – one hour – and a nearly continuous pursuit of the defendant. Moreover, the officers only entered Defendant's apartment after 1) they had actually seen the Defendant inside; and 2) they observed the Defendant running away from them.

## II.    Defendant's Other Arguments:

Defendant touches on two other arguments, both of which he has offered before and both of which ignore the Court's factual conclusions. First, Defendant argues that the Terry stop and frisk of Defendant was unjustified. Defendant dismisses the Court's factual conclusion to the contrary, and instead cites a single, out-of-context statement from one of the witnesses that purports to contradict these conclusions. The Court, after reviewing all of the witnesses' testimony in totality, previously rejected this same argument. Second, Defendant mocks the assertion by the Court that the officers were justified in entering the defendant's apartment in part because the Defendant might destroy evidence. Defendant claims this begs the question:

---

[1] Even if there were a requirement that the officers be chasing a violent felon (which there is not), the officer's hot pursuit entry would still have been justified in this case. The defendant assaulted a police officer during his flight and was known to be a narcotics dealer, further suggesting violent tendencies. See, e.g., United States v. Trullo, 809 F.2d 108, 113 (1st Cir. 1987) ("We have recognized that to substantial dealers in narcotics, firearms are as much 'tools of trade' as are most commonly recognized articles of drug paraphernalia.").

"What evidence?" He asserts that the evidence showed that "Defendant, at most, was seen handing something to the female, not taking something back." This is wrong. In fact, the officers observed an "exchange," not a one-way transfer. See Colon Tr. at 11. Moreover, by the time the officers entered the Defendant's apartment, they knew from Darlene Court that Defendant had sold a significant quantity of crack cocaine to her in return for approximately $1500. Thus, they had probable cause to believe that defendant still had this money (which could have been easily destroyed or hidden), and they also had probable cause to believe that, as a drug dealer, the Defendant had a further stash of narcotics on his person or at his residence. See, e.g., United States v. Jones, 204 F.3d 541 (4th Cir. 2000) (finding exigent circumstances to enter a house, arrest a defendant, and conduct a protective sweep that uncovered drugs after officers observed the suspect exchange an unknown substance for money and then rapidly leave when the police presence became known).

### III.   Conclusion

For the reasons stated above, as well as the reasons stated in the Government's three prior briefs responding to Defendant's Motion to Dismiss and subsequent motions, and the reasons stated in the Report and Recommendation, Defendant's Motion to Reconsider should be denied.

>                          Respectfully submitted,
>
>                          MICHAEL J. SULLIVAN
>                          United States Attorney
>
>                    By:   /s/ Seth P. Berman
>                          SETH P. BERMAN
>                          Assistant U.S. Attorney

Dated: March 27, 2006